IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNETH EUGENE RICHARDSON                        PLAINTIFF

v.                              CIVIL NO. 11-5083

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kenneth Eugene Richardson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on June 16, 2008, alleging an inability to work since August 1, 2007, due to diabetes, a congenital hip dislocation, and scoliosis. (Tr. 131, 138, 175). For DIB purposes, Plaintiff maintained insured status through December 31, 2008. (Tr. 10, 141). An administrative hearing was held on September 30, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 35-74).

AO72A
(Rev. 8/82)

By written decision dated March 9, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative joint disease of the hip, scoliosis of the lumbar spine, and diabetes mellitus. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant should do no climbing of ladders ropes and scaffolds and only occasionally climb ramps and stairs. Additionally, the claimant occasionally can balance, stoop, crouch, kneel, crawl, push and pull with his bilateral lower extremities and can only have moderate exposure to unprotected heights.

(Tr. 13). With the help of a vocational expert, the ALJ determined Plaintiff could perform work in housekeeping, as a hand packager, and as a mail clerk. (Tr. 17-18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after looking at additional evidence submitted by Plaintiff, denied that request on February 25, 2011.[1] (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

---

[1] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because (1) the ALJ failed to consider all of the Plaintiff's impairments in combination; (2) the ALJ erred in the analysis and credibility findings in regard to the Plaintiff's subjective complaints of pain; (3) the ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of light work; and (4) the ALJ erred in failing to fully and fairly develop the record. Defendant argues substantial evidence supports the ALJ's determination.

### A. Combination of Impairments:

Plaintiff argues that the ALJ "fragmentized" Plaintiff's subjective complaints, and failed to consider the combined effects of his physical and mental impairments.

The ALJ found that Plaintiff's severe impairments, singly or in combination, imposed more than minimal limitations on Plaintiff's ability to perform basic work activities. (Tr. 12).

The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 13). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### B. Subjective Complaints and Credibility Analysis:

Plaintiff argues that the ALJ improperly disregarded Plaintiff's subjective complaints. Defendant argues that substantial evidence of record supports the ALJ's credibility findings.

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly evaluated Plaintiff's subjective complaints. Although Plaintiff contends that his impairments were disabling, the evidence of record does not support this conclusion.

With regard to Plaintiff's alleged depression and anxiety, it is noteworthy that Plaintiff did not allege a disabling mental impairment in his application for benefits. See Dunahoo v.

Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed). In addressing Plaintiff's mental impairments, the ALJ noted that the evidence failed to demonstrate that Plaintiff sought or received mental health treatment during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). While the medical evidence indicated that Plaintiff reported he had "some chronic anxiety" in December of 2008 (Tr. 557),"bad anxiety" on April 8, 2009 (Tr. 482), and a history of depression and anxiety in July of 2009 (Tr. 492), most of the medical evidence revealed that Plaintiff reported no psychiatric history, and Plaintiff was noted to have intact judgment, insight, and memory. (Tr. 246, 249, 252, 264, 301, 303, 493, 516, 560, 619). Thus, the Court finds that the ALJ properly determined Plaintiff did not meet his burden of demonstrating his alleged mental impairments were severe during the relevant time period.

Likewise, the Court finds that the ALJ properly addressed Plaintiff's complaints regarding his bleeding ulcer and GERD. A review of the medical evidence revealed that during the relevant time period, Plaintiff sought emergency room treatment for gastrointestinal problems on December 31, 2007, December 9, 2008, May 15, 2009, and August 17, 2009. (Tr. 299-320, 518-578, 587-685). This medical evidence indicated that with treatment, Plaintiff's symptoms resolved. Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.")(citations omitted). With each admission, Plaintiff was instructed on what medication he needed to take; however the evidence repeatedly noted that when Plaintiff sought emergency room treatment, he had not been

following the prescribed treatment plan. Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted)("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits."), 20 C.F.R. § 416.930(b). Based on the record as a whole, the Court finds substantial evidence supports the ALJ's determination that Plaintiff did not have disabling gastrointestinal impairments.

While Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). Plaintiff testified at the administrative hearing in September of 2009 that he was not allowed to go to the Free Clinic anymore because he missed an appointment due to his being in the hospital (Tr. 47-48); however, the evidence revealed that in February of 2010, treatment notes indicated that Plaintiff was no longer treated at the Free Clinic due to his "neglect" and "abuse to the Free Clinic employees." (Tr. 747). Further, even with not being able to seek treatment at the Free Clinic, the medical evidence further revealed that Plaintiff had been made aware of other clinics in the area that helped people with financial problems receive medical care. (Tr. 612). The record also revealed that in February of 2008, Plaintiff left the waiting room prior to consulting with a social worker, who had been requested to see if Plaintiff qualified for medical assistance. (Tr. 252). Furthermore, as pointed out by the ALJ, the record revealed that despite reporting the inability to afford his medication, Plaintiff continued to smoke up to one package of cigarettes a day, and found the funds to purchase alcohol and marijuana. (Tr. 319, 519, 556).

With regard to Plaintiff's diabetes mellitus, the record revealed that when Plaintiff maintained a proper diet and took his medication as prescribed, his diabetes was controlled. The medical evidence showed that Plaintiff made multiple trips to the emergency room (Tr. 255-320, 519-538, 746-783); however, with medication and hydration, Plaintiff's blood sugars were stabilized, and he was discharged with instructions to follow a prescribed diet, and to take medication as prescribed.

In addressing Plaintiff's diabetes, the ALJ also noted that the evidence of record revealed that Plaintiff was non-compliant with his diabetes management (Tr. 15, 482), which ended up requiring his need for emergency room treatment. The evidence of record revealed that Plaintiff experienced problems with his diabetes after he took his insulin and then failed to eat prior to going to work as a clean up crew at the football stadium in October of 2007; after he failed to eat and then performed manual labor in December of 2007; after he failed to eat and then drank vodka and smoked marijuana while floating down the river in May of 2009; and that in July of 2009, when seeking treatment for a left arm injury, Plaintiff reported that he had been drinking and had not taken his insulin. (Tr. 227, 323, 491, 529). The record revealed that when Plaintiff was compliant and took his medications as prescribed, and followed the proper diet, his blood sugars were controlled. Based on the record as whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have disabling diabetes.

With regard to Plaintiff's back and hip impairment, the medical evidence revealed that Plaintiff had a congenital deformity of his right hip, two fused vertebrae, and scoliosis. However, the medical evidence repeatedly reported that Plaintiff's back and extremities had normal range of motion; that Plaintiff exhibited none to minimal tenderness to palpation; and

that Plaintiff had a normal gait. (Tr. 323, 517, 522). The evidence revealed that when Plaintiff sought treatment for his hip and back pain in June of 2009, he reported that he had been helping his friend move, and had stepped off of a curb wrong and injured his hip. (Tr. 507-538). Upon examination, Dr. Joseph B. Averbach noted Plaintiff's back had no CVA tenderness and no tenderness to palpation. Dr. Averbach noted that Plaintiff had an obvious deformity to his right hip; however, Plaintiff also exhibited normal range of motion in the left hip, and some passive range of motion to his right hip but no tenderness. (Tr. 510). The evidence revealed that in July of 2009, Plaintiff was noted as ambulatory with no tenderness to palpation in the back, and that Plaintiff had no pain with the straight leg raises. (Tr. 494). In February of 2010, Plaintiff's back and extremities were noted to have a range of motion within normal limits, and Plaintiff and a normal strength and tone in all four extremities. (Tr. 752). The record further revealed that Plaintiff usually took Ibuprofen or Tylenol for his pain, as he was not consistently prescribed a strong pain medication to alleviate this pain. See Rankin v. Apfel, 195 F.3d 427, 430 (8th Cir. 1999) (infrequent use of prescription drugs supports discrediting complaints). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have a disabling back or hip impairment.

Plaintiff's subjective complaints are also inconsistent with evidence regarding his daily activities. In a Function Report dated November 19, 2009, Plaintiff reported that he spent his time watching television, listening to music, eating and napping. (Tr. 194-201). Plaintiff also reported that he was able to take care of his personal hygiene, but noted he sometimes had pain when putting on clothes or standing in the shower. Plaintiff reported he was able to prepare simple meals, to clean and do some household chores, to use public transportation and to shop

for food. As addressed above, the record further revealed that Plaintiff was working as part of a clean up crew in October of 2007; that Plaintiff was performing manual labor in December of 2007; that Plaintiff reported that he did odd jobs for a living in January of 2008; that he "walked a lot" while applying for jobs in May of 2008; that he was able to float down the river with his family and friends in May of 2009; and that in June of 2010, almost three months after the relevant time period, Plaintiff was able to walk six and one-half miles to the store and back.[2] (Tr. 715-745). This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

With regard to the testimony of Plaintiff's friend, the ALJ properly considered his testimony but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

---

[2]The Court notes that Plaintiff did seek emergency room treatment after walking to the store a second time. (Tr. 715-745). Plaintiff's treatment was for symptoms that arose due to nausea and vomiting. At that time, Plaintiff reported he became overheated while walking to the store.

C.    The ALJ's RFC determination:

Plaintiff argues that the ALJ erred in determining that Plaintiff could perform light work and that the ALJ did not properly address Plaintiff's mental impairments when determining Plaintiff's RFC. Defendant argues that substantial evidence of record supports the ALJ's RFC finding.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when the ALJ determined Plaintiff could perform work at the light level with some limitations.

With regard to Plaintiff's alleged mental impairments, as addressed above, the ALJ found Plaintiff's alleged depression and anxiety to be non-severe impairments. In doing so, the ALJ noted that along with no medical evidence revealing that Plaintiff sought consistent treatment for a mental impairment, Plaintiff's Pre-Hearing Memorandum also failed to allege that Plaintiff even had mental impairments. (Tr. 221-222).

Plaintiff's capacity to perform light work with limitations is supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on his activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). The ALJ's RFC determination is also supported by the findings of the non-examining medical consultants, who opined that Plaintiff could perform light work. (Tr. 468, 480). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### D. Fully and Fairly Develop the Record:

Finally, the Court rejects Plaintiff's contention that the ALJ failed to fully and fairly develop the record by failing to refer Plaintiff for a consultative psychological evaluation.

A review of the record revealed that Plaintiff did not allege a mental impairment in his application for disability; that Plaintiff did not include a mental impairment in his Pre-Hearing Memorandum; and that Plaintiff sought very minimal treatment for a mental impairment during the relevant time period. While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the

evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

      **E.**      **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work in housekeeping, as a hand packager, and as a mail clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 25th day of May 2012.

                                                        /s/ *Erin L. Setser*
                                                        HON. ERIN L. SETSER
                                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)